IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHERRY TYRONE RODGERS,                :

     Petitioner,                          :

vs.                                   :    CIVIL ACTION NO. 18-00399-CG-B

THE STATE OF ALABAMA,                 :

     Respondent.                          :

## REPORT AND RECOMMENDATION

This action is before the Court on review. Petitioner Sherry Tyrone Rodgers, an Alabama inmate proceeding *pro se*, filed the instant petition seeking habeas corpus relief under 28 U.S.C. § 2254, along with motions to proceed without prepayment of fees. (Docs. 1, 2, 4, 5). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72(a)(2)(R), and Rule 8 of the Rules Governing Section 2254 Cases.

In an Order dated October 5, 2018, Petitioner Sherry Tyrone Rodgers was directed to refile his habeas petition and his motion to proceed without prepayment of fees because both were on outdated forms. (Doc. 3). Petitioner was provided the correct forms and directed to refile his petition and his motion on the correct forms by November 2, 2018. (Id.). Petitioner was cautioned that his failure to comply with the Order within the prescribed time would

result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's Order. (Id.). While Petitioner filed a new motion to proceed without prepayment of fees (Doc. 4), he failed to file a new habeas petition as directed.

Consequently, in a subsequent Order, dated January 30, 2019, the Court advised Petitioner that he had failed to follow the directives of the Court to file a new petition as directed. (Doc. 6). The Court further advised Petitioner that, not only was his habeas petition on an outdated form, it was incomprehensible, as he merely listed various terms, such as "police brutality", "medical attention" "excessive force" and "illegal conviction", but provided no facts which would have shed light on the specific claims that he sought to raise. (Id.). The Court further advised Petitioner that it was unclear whether he was attempting to assert claims under § 1983 or habeas claims related to his conviction and sentence under § 2254. (Id.). The Court directed the Clerk to forward to Petitioner the current form for a § 1983 action and the current form for a habeas action under § 2254, and, depending on the type of claims Petitioner wished to raise, he was ordered to complete and return the § 1983 form or the § 2254 habeas form by February 20, 2019. Petitioner was expressly cautioned, again, that failure to timely comply with the Court's Order would result in the dismissal of this action.

2

To date, Petitioner has not filed either a § 1983 action or a habeas action under § 2254 on the forms provided to him. Additionally, the Court's Orders mailed to him have not been returned by the postal service marked "undeliverable," nor has there been any other indication that Petitioner has not received the Court's Orders in this action. To the contrary, Petitioner clearly received the Court's October 8th Order as he complied with the portion of the Order requiring him to refile his motion to proceed in forma pauperis and ignored that portion that required him to refile his petition. (Docs. 4, 5). Simply put, Petitioner has failed to comply with the Court's Orders directing him to refile his action on the Court's forms for habeas actions or § 1983 actions and has offered no explanation for his noncompliance.

An action may be dismissed if the plaintiff fails to prosecute it, or if he fails to comply with any court order. See Dickinson v. Granade, 2016 U.S. Dist. LEXIS 85448, *26, 2016 WL 3647181, *8 (S.D. Ala. June 1, 2016), *report and recommendation adopted*, 2016 WL 3637093 (S.D. Ala. June 30, 2016) (citing Fed.R.Civ.P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 630-631 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[

3

] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.' "). Because Petitioner has failed to comply with two Court Orders to refile his petition on this Court's forms, the undersigned RECOMMENDS that the Court dismiss his action without prejudice for failure to obey the Court's orders and to prosecute this action.

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that, under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In

4

order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

      **DONE** this **1st** day of **March, 2019.**

                                **/s/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**